665 So.2d 87 (1995)
Stacey Lynn HENRY
v.
John Edgar HENRY.
No. 95 CA 0712.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Nancy Sue Gregorie, Baton Rouge, for Plaintiff-in-Rule/Appellant.
Amy E. Counce, Baton Rouge, for Defendant-in-Rule/Appellee, Stacey Lynn Henry (Simmons).
Karen D. Downs, Vincent A. Saffiotti, Baton Rouge, for Defendant-in-Rule/Appellee, John Edgar Henry.
Before FOIL, J., and CRAIN and TANNER, JJ. Pro Tem.[1]
THOMAS W. TANNER, Judge Pro Tem.
This appeal follows a lower court judgment maintaining defendant-in-rule's peremptory exception pleading the objections of no right and no cause of action to plaintiff-in-rule's (the stepgrandmother's) rule for visitation, filed in an ongoing custody/visitation litigation.
The subject of this proceeding, Devon Ray Henry, born April 2, 1990, is the natural child of Stacey Lynn Henry (now Simmons), defendant-in-rule and original plaintiff in this proceeding. This matter was commenced when Stacey Lynn Henry (now Simmons), filed a petition seeking custody of her child from the child's maternal grandfather, John Edgar Henry. As alleged, the child had lived with Mr. Henry for approximately a year with the permission of the mother, Stacey Lynn Henry (now Simmons). When Ms. Simmons sought the child's return prior to filing suit, Mr. Henry apparently refused. The dispute between Ms. Simmons and Mr. Henry was resolved when custody of the child was returned to Ms. Simmons and a judgment was rendered giving Mr. Henry generous visitation rights.
Thereafter, D'Ann Dunham Henry, Ms. Simmons' stepmother and Mr. Henry's wife since 1989, filed the instant "Rule to Establish Visitation Rights" seeking visitation rights with the child. In response, Ms. Simmons filed an exception pleading the objections of no right and no cause of action, arguing that since divorce proceedings are currently underway between Mr. and Mrs. Henry, Mrs. Henry is not eligible, under La.C.C. art. 136(B.), as a relative by "affinity", for visitation. The trial court sustained Ms. Simmons' objection and dismissed Mrs.
*88 Henry's rule for visitation. From this judgment Mrs. Henry appeals, asserting as error the failure of the trial court to grant her visitation with the minor child under La.C.C. art. 136(B.).
The right to visitation with a minor child by nonparents is governed by La.C.C. art. 136(B.),[2] which provides:
Under extraordinary circumstances, a relative, by blood or affinity, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
(1) The length and quality of the prior relationship between the child and the relative.
(2) Whether the child is in need of guidance, enlightenment, or tutelage which can best be provided by the relative.
(3) The preference of the child if he is determined to be of sufficient maturity to express a preference.
(4) The willingness of the relative to encourage a close relationship between the child and his parent or parents.
(5) The mental and physical health of the child and the relative.
[Emphasis added.]
Mrs. Henry alleges in her rule the following factual information: Devon's parentage by Ms. Simmons; Devon's affiliation with Mr. Henry; the pending divorce between Mr. and Mrs. Henry; by incorporation of that petition for divorce, that Mr. and Mrs. Henry shared visitation with Devon; and that the best interest of Devon included visitation with Mrs. Henry.
Affinity has been described in the civil law as that relationship which exits between one of the parties joined by marriage and the relations of the other. Garnett v. State Department of Revenue and Taxation, 519 So.2d 373 (La.App. 2d Cir.), writ denied, 521 So.2d 1156 (La.1988). See also La.C.C. art. 136, Comment (e). The relationship by affinity was implicitly accepted as including a stepparent and a stepchild in Succession of Zaring, 527 So.2d 417 (La.App. 4th Cir.1988).
Thus, we must conclude that at the time Mrs. Henry filed her rule for visitation, as the wife of Ms. Simmons' father, Mrs. Henry was a relative by affinity of both Ms. Simmons and her child, Devon.[3] Therefore, the record before us establishes that Mrs. Henry does have a right to bring an action for visitation under La.C.C. art. 136(B.); however, in order to prevail she must establish extraordinary circumstances which compel such an order in accordance with Article 136 and the factors enumerated therein regarding best interest of the child.
For the reasons assigned herein, the judgment of the trial court sustaining the exception pleading the objections of no right and no cause of action and dismissing the appellant's rule to establish visitation rights is hereby reversed and the matter is remanded for further proceedings consistent with the foregoing; each party to bear his/her own cost of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Judge Hillary J. Crain, retired, and Judge Thomas W. Tanner, retired, are serving as judges pro tempore by special appointments of the Louisiana Supreme Court.
[2] La.C.C. art. 136(B.) was amended by La.Acts 1995, No. 57, effective August 15, 1995, to read:

Under extraordinary circumstances, a relative, by blood or affinity, or a former stepparent or stepgrandparent not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
[Emphasis added.]
[3] We express no opinion as to the effect of a final divorce between Mr. and Mrs. Henry on Mrs. Henry's status as a relative by affinity, under then Article 136, noting only that she now has a clear legal remedy under Article 136 as amended by La.Acts 1995, No. 57.